IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| AARON LEUTHE, | ) |
| | ) |
| Plaintiff, | )   2:24-CV-00714-MJH |
| | ) |
| vs. | ) |
| | ) |
| PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, | ) |
| | ) |
| Defendant, | |

OPINION

Plaintiff, Aaron Leuthe, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1), against Defendant, Pennsylvania Department of Human Resources (DHS), alleging violations of his civil rights under 42 U.S.C. § 1983 and the False Claims Act under 31 U.S.C. § 3729 and also citing to 38 U.S.C. § 511, 42 U.S.C. § 659, and 38 U.S.C. § 5301.

Upon review of Plaintiff's Motion to Proceed In Forma Pauperis and attached Complaint (ECF No. 1), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but the Court will, sua sponte, dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

I.      Motion to Proceed In Forma Pauperis

First, the Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis, but the Court will proceed to screen Mr. Leuthe's Complaint pursuant to 28 U.S.C. § 1915(e).

II.     Background

Mr. Leuthe alleges that DHS sent "incoming withholding demands" to the Department of Veteran Affairs. He avers that "DHS is aware they are banned from requesting withholdings of [his] VA funds." Mr. Leuthe maintains DHS has made a "fraudulent request for moneys not due." He seeks relief in the form of a "Public apology to the Department of Veterans Affairs and to all veterans currently being harassed, immediate policy change within DHS, more federal DHS oversight, and any action the court sees as just."

Within the same week as the filing of the instant matter, Mr. Leuthe has filed two other lawsuits (2:24-cv-686 and 2:24-cv-715). From these three filings, the Court can reasonably infer that each lawsuit derives from Mr. Leuthe being ordered to pay child support from his veteran's benefits. Mr. Leuthe's suits appear to be under the belief that state agencies, such as DHS, cannot attach his veterans benefits pursuant to several enumerated federal statutes including under the Civil Rights Act (42 U.S.C. § 1983) and the False Claims Act.

III.    Relevant Standards

28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.

IV.     Discussion

Mr. Leuthe's claims generally fail, because despite his Complaint, the statutes governing the Department of Veterans Affairs and veterans' benefits do not provide for blanket protection from state courts and states agencies from attaching veterans' benefits for the purposes of paying child support. In addition to this general principle, Mr. Leuthe's claims are generally

unavailable against DHS as a state agency because the enumerated statutes cited by Mr. Leuthe cannot support a claim and also because, DHS is immune from suit.

First, the False Claims Act imposes civil liability upon "[a]ny person" who, *inter alia*, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). The act does not subject a state or state agency to liability for suits brought by private individuals. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787 (2000).   Therefore, Mr. Leuthe cannot maintain a False Claims Act claim against DHS, a state agency.

Second, Mr. Leuthe cannot support a Civil Rights Section 1983 action under the premise that DHS violated 38 U.S.C. § 5301. In relevant part, 38 U.S.C. § 5301(a) states that "[p]ayments of benefits ... under any law administered by the Veterans' Administration ... made to, or an account of, a beneficiary ... shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a).   The United States Supreme Court has rejected that Section 5301 applies to child support.  *Rose v. Rose,* 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987)

In *Rose* a Tennessee state court ordered a disabled veteran to pay $800 per month in child support following the dissolution of his marriage despite that his only means of income consisted of veterans' disability payments. *Id.* at 623–34. The veteran objected, citing the exemption protections of Section 5301(a)2 and arguing that only the Veterans Administration had the authority to order him to use any portion of his disability benefits to satisfy his child support obligation. *Id.* at 624. The state court rejected his argument and the veteran appealed.  The issue before the Supreme Court on appeal was, *inter alia,* whether Section 5301(a) preempted the state court's jurisdiction to order the veteran to use his disability benefits to satisfy his child support

obligation. *Id.* The Supreme Court reviewed the legislative history of Section 5301(a) and determined that the statute had two purposes: to "avoid the possibility of the Veterans' Administration ... being placed in the position of a collection agency" and to "prevent the deprivation and depletion of the means of subsistence of veterans dependent upon these benefits as the main source of their income." *Id.* at 630 (citing S.Rep. No. 94–1243, pp. 147–48 (1976), U.S.Code Cong. & Admin. News 1976, pp. 5241, 5369, 5370). The Court concluded that "[n]either purpose" was defeated by allowing the state court to hold the veteran in contempt for failing to satisfy his child support obligations. The Supreme Court reasoned that Congress clearly intended veterans' disability benefits to be used, in part, for the support of veterans' dependents. *Id.* at 630–31, 635. Therefore, it is well-established by United States Supreme Court precedent that Mr. Leuthe cannot claim an exemption to paying child support from his veterans benefits under Section 5301(a).

Third, even if Mr. Leuthe had a civil right's claim against DHS, state entities like the Pennsylvania Department of Human Services are protected from suit by two overlapping doctrines. First, Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id*. (internal citation omitted) (citing *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987)). "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity," *id*., and Pennsylvania has not waived its immunity. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) (citing 42 Pa. C.S.A. § 8521(b)). As an administrative department created by the State, the Department

of Human Services is therefore shielded from Plaintiff's suit by sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Second, "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes"—such as the Department of Human Services—are not "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 70-71.

Accordingly, Plaintiff cannot state a Section 1983 claim against the Pennsylvania Department of Human Services because of Eleventh Amendment Immunity.

Finally, as regards the other statutes cited by Mr. Leuthe, 38 U.S.C. § 511 and 42 U.S.C. § 659, neither support a cause of action against DHS. 38 U.S.C. § 511 evinces no congressional "intent to create [either] a private right [or] a private remedy." *See Burnes v. Smith*, No. 3:18-CV-00608, 2018 WL 3472821, at *4 (M.D. Tenn. July 17, 2018) (holding that Section 511 "does not create a private right of action"); *International Primate Prot. League v. Institute for Behav. Rsch., Inc.*, 799 F.2d 934, 940 (4th Cir. 1986) (collecting cases involving statutes that do confer private causes of action). On the contrary, the statute reflects Congress's intent to prevent ancillary benefits litigation in the district courts by entrusting benefits decisions to the Secretary, *see* 38 U.S.C. § 511(a), and confining judicial review to the Court of Appeals for Veterans Claims and the Federal Circuit. Mr. Leuthe here, at most, has alleged the violation of a federal law, but not a federal right. Mr. Leuthe, in citing a federal statute that confers no private right of action, has failed to state a claim on which relief may be granted. Finally, 42 U.S.C. § 659 explicitly permits the garnishment of disability benefits to satisfy child support and alimony obligations. *Alexander v. O'Malley*, 2024 WL 1637292, at *2 (E.D. Mo. Apr. 16, 2024). Thus, said statute would not support Mr. Leuthe's position; in fact, it cuts against it.

Accordingly, all of Mr. Leuthe's claims and citations are ripe for dismissal as none can support any cause of action against DHS.

V.  Conclusion

Upon consideration of the foregoing, this Court will grant Mr. Leuthe's Motion to Proceed in Forma Pauperis (ECF No. 1).  The Clerk will be directed to file the Complaint (ECF No. 1-1).  Furthermore, upon review of Mr. Leuthe's Complaint, the Court, sua sponte, in accordance with 28 U.S.C. 1915 (e) finds that Mr. Leuthe cannot support a claim against DHS.  Therefore, Mr. Leuthe's Complaint will be dismissed.  Because it is clear on the face of Mr. Leuthe's allegations that he cannot maintain a claim against DHS, no leave to amend will be granted.  A separate order will follow.

DATED this 28th day of May, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge